UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASBIR SINGH, et al., | No. 2:23-cv-01840-DAD-AC |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION TO REMAND |
| HYUNDAI MOTOR AMERICA, et al., | (Doc. No. 6) |
| Defendants. | |

This matter is before the court on plaintiffs' motion to remand this action to the Solano County Superior Court. (Doc. No. 6.) Having reviewed the motion and the defendants' opposition thereto, the court finds the pending motion suitable for decision on the papers. For the reasons explained below, the court will deny plaintiffs' motion to remand.

**BACKGROUND**

On March 29, 2023, plaintiffs filed this action against defendants Hyundai Motor America ("Hyundai"), Hyundai of Vacaville, and Does 1 through 50, inclusive, in the Solano County Superior Court. (Doc. No. 1-2 at 1.) In their complaint, plaintiffs allege that on or around May 14, 2022, they purchased a 2022 Hyundai Sonata (the "subject vehicle") that was manufactured or distributed by Hyundai Motor America from the Hyundai of Vacaville dealership in Vacaville, California, and that Hyundai gave them an express warranty in connection with that purchase. (*Id*. at 4.) Plaintiffs allege that within a month of their purchase, the vehicle experienced shifter

1

1   system and park malfunctions. (*Id.* at 5.) Plaintiffs presented the vehicle to Hyundai's authorized
2   repair centers on three occasions in the hopes of repairing the vehicle, and they contacted
3   Hyundai Consumer Affairs about the malfunction. (*Id.* at 6, 81.) According to the complaint,
4   Hyundai failed to repair the vehicle and refused to buy it back pursuant to California's lemon law.
5   (*Id.* at 6, 94). In their complaint, plaintiffs assert breach of express and implied warranty claims
6   under California's Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss
7   Warranty Act ("MMWA") against defendants. (*Id.* at 6–10.)

       On August 28, 2023, defendant Hyundai removed this action to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the grounds that federal question jurisdiction exists. (Doc. No. 1.) Specifically, plaintiffs' complaint includes two MMWA claims, which seek relief pursuant to 15 U.S.C. § 2301, a federal statute, and Hyundai alleges in its notice of removal that the amount in controversy exceeds the $50,000 jurisdictional threshold required by the MMWA for federal jurisdiction to adhere. (*Id.* at 3); *see* 15 U.S.C. §2310(d)(3)(B) (permitting federal jurisdiction as long as the amount in controversy is $50,000, among other requirements). Additionally, Hyundai contends that this court has supplemental jurisdiction over plaintiffs' remaining state law claims. (Doc. No 1 at 6–7.)

       On October 3, 2023, plaintiffs filed the pending motion to remand this action to the Solano County Superior Court on the grounds that Hyundai had failed to establish that there is a federal question at issue in this case and that the amount in controversy exceeds $50,000. (Doc. No. 6 at 2.)[1] Pursuant to 28 U.S.C. § 1447(c), plaintiffs also requested that the court award them attorneys' fees and expenses incurred as a result of Hyundai's allegedly improper removal of this

/////

---

[1] Plaintiffs failed to properly notice their motion for a hearing as required by the Local Rules and the undersigned's Standing Order (Doc. No. 5-1). The court issued an order identifying plaintiffs' several failures in this regard and directing plaintiffs to file an amended notice of motion to cure the many deficiencies. (Doc. No. 8.) Despite this guidance, plaintiffs' amended notice was still improper and again failed to comply with the court's requirements, which led the court to direct plaintiffs to file a further amended notice of motion to properly set the pending motion for a hearing. (Doc. Nos. 9, 10.) Plaintiffs wholly ignored the court's order and did not file an amended notice or otherwise communicate with the court. Plaintiffs are warned that such disregard for the court's orders is unacceptable and will not be tolerated.

1 action to federal court. (*Id.* at 9.) On October 17, 2023, Hyundai filed an opposition to plaintiffs'
2 motion to remand. (Doc. No. 11.) Plaintiffs did not file a reply thereto.

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

A defendant's initial burden in establishing the amount in controversy for removal purposes is minimal: even a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" can suffice. *Dart Cherokee*, 574 U.S. at 89 (quoting 28 U.S.C. § 1446(a)). Where it is "unclear or ambiguous from the face of a state-court complaint whether

3

1  the requisite amount in controversy is pled, the removing defendant bears the burden of
2  establishing, by a preponderance of the evidence, that the amount in controversy exceeds the
3  jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir.
4  2018) (citing *Urbino v. Orkin Services of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).  In
5  determining the amount in controversy, courts may "consider allegations in the removal petition,
6  as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of
7  removal.'"  *Id.* (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).  The court
8  "must assume that the allegations in the complaint are true and that a jury will return a verdict for
9  plaintiffs on all claims alleged."  *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN,
10 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F.
11 Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x
12 646, 648 (9th Cir. 2012).[2]  District courts may consider requests for treble damages, attorneys'
13 fees, and punitive damages when determining the amount in controversy.  *Chabner v. United of*
14 *Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

## ANALYSIS

16     In the pending motion to remand, plaintiffs contend that Hyundai improperly removed this
17 action because Hyundai failed to satisfy its burden to establish federal subject matter jurisdiction.
18 (Doc. No. 6 at 3.)  Plaintiffs argue both that Hyundai has failed to meet the federal question
19 requirement and has failed to show that the amount in controversy exceeds $50,000.  (*Id.* at 5–7.)
20 **A.    Federal Cause of Action**
21     Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions
22 arising under the Constitution, laws, or treaties of the United States."  An action "arises under"
23 federal law pursuant to § 1331 if the cause of action is (1) created by federal law, or
24 (2) necessarily requires resolution of a substantial question of federal law.  *Grable & Sons Metal*
25 *Prods., Inc. v. Darue Eng'g & Mfg.* 545 U.S. 308, 314 (2005); *Empire Healthchoice Assurance,*

---

27 [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).
28

4

*Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).

The Magnuson-Moss Warranty Act is a law of the United States, and as such, claims filed under it may trigger federal jurisdiction. *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 917 (9th Cir. 2005). Consumers may bring suit under the MMWA when "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract." *Romo v. FFG Ins. Co*., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing 15 U.S.C. § 2310(d)(1)). A district court may only have jurisdiction "[i]f the amount in controversy is [equal to or more] than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims" in the suit, among other qualifiers not at issue here. 15 U.S.C. § 2310(d)(3).

In their motion to remand, plaintiffs argue that the MMWA "does not create a new federal cause of action for breach of warranty claims" because it provides "a state forum for consumers to bring claims under federal warranty laws." (Doc. No. 6 at 6.) In its opposition, Hyundai does not dispute that the MMWA provides state courts with jurisdiction to hear claims, but the MMWA "by no means confers state courts with *exclusive* jurisdiction." (Doc. No. 11 at 4.) Hyundai points to the text of the statute, which "explicitly provides that the cause of action for a violation of this statute can be tried in state *or* 'in an appropriate district court.'" (*Id.*) (citing 15 U.S.C.A. § 2310(d)(1)). To this, the plaintiffs had no response, as they elected to file no reply brief in support of their motion to remand. The court agrees with Hyundai's analysis of the federal statute and the independent cause of action it creates for alleged violations. Because plaintiffs' complaint facially includes two causes of action brought under the MMWA, a federal statute, which undoubtedly arise under federal law, the court has original jurisdiction over plaintiffs' MMWA claims, so long as the amount in controversy requirement is established. *See* Doc. No. 1-2 at 9–10; *see also Saget v. Kia Am., Inc.,* No. 2:23-cv-00408-DAD-DB, 2023 WL 4956431, at *2 (E.D. Cal. Aug. 3, 2023); *Miller v. Ford Motor Co.*, No. 19-cv-07382-BLF, 2020

WL 5569706, at *2 (N.D. Cal. Sept. 17, 2020) (noting that "federal courts will have subject matter jurisdiction over [plaintiff's MMWA claims] if the total amount in controversy is greater than or equal to $50,000").

**B.  Amount in Controversy**

As referenced above, for a civil action like this one to have been brought in a district court by a consumer for damages in the first place, the amount in controversy must not be "less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined." 15 U.S.C.A. § 2310(d)(3)(b). Here, plaintiffs did not plead a specific amount of monetary damages on the face of their complaint. (Doc. No. 1-2.) Rather, they simply state that the amount in controversy exceeds $25,000. (*Id*. at 3.) Therefore, Hyundai bears the burden of establishing that the amount in controversy actually exceeds $50,000 by a preponderance of the evidence. *Fritsch*, 899 F.3d at 793.

In its notice of removal, Hyundai contends that the amount in controversy here exceeds $50,000 based on the various forms of relief that plaintiffs seek, including restitution of the purchase price of the vehicle in the amount of $40,697.20, actual damages, consequential and incidental damages, attorneys' fees and costs, and a civil penalty in the amount of two times plaintiffs' total damages. (Doc. No. 1 at 5–6.) In response, plaintiffs argue that Hyundai failed to account for the current value and beneficial use of the vehicle when calculating the actual damages and in contending that the amount in controversy has been satisfied here. (Doc. No. 6 at 7.) They further argue that civil penalties and attorneys' fees are too speculative to be included in the determination of the amount in controversy. (*Id*. at 8.)

1.  Actual Damages

In their complaint, plaintiffs seek to be reimbursed for "all consideration given" for the subject vehicle. (Doc. No. 1-2 at 10.) In the notice of removal, Hyundai calculates this amount to be $40,697.20, by adding together two payment amounts and subtracting the service contract. (Doc. No. 1 at 6.) In the pending motion to remand, plaintiffs argue that this number was incorrectly calculated by defendant, because it did not include subtractions for the current value and beneficial use of the vehicle. (Doc. No. 6 at 7.) In its opposition, Hyundai acknowledges that

1  "the buyer of a vehicle may recover 'in an amount equal to the actual price paid or payable by the
2  buyer,' reduced by an amount 'directly attributable to use by the buyer.'"  (Doc No. 11 at 5)
3  (citing Cal. Civ. Code § 1793.2(d)(2)(B)–(C)).  Hyundai then calculates the value of the
4  beneficial use offset to be $635.89, using an odometer reading of 1,875 miles, which is visible on
5  the dashboard which appears in Exhibit D.  (Doc. Nos. 11 at 6; 1-2 at 78–79.)  Hyundai thus
6  updates its estimate of actual damages from $40,697.20 to $40,061.31.  (*Id.* at 5–6.)  Plaintiffs
7  offer no counterargument or rebuttal to this updated calculation as they did not file a reply or in
8  any way further dispute this updated estimate of actual damages.
9     To calculate the value of the offset, one multiplies "the actual price of the new motor
10  vehicle paid or payable by the buyer" by "a fraction having as its denominator 120,000 and
11  having as its numerator the number of miles traveled by the new motor vehicle prior to the time
12  the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service
13  and repair facility for correction of the problem that gave rise to the nonconformity."
14  § 1793.2(d)(2)(C).  Plaintiffs note in their complaint that they first took the subject vehicle to the
15  seller due to defects on June 14, 2022.  (Doc. No. 1-2 at 5.)  The service report from that date
16  notes a mileage of 1,939 miles.  (*Id.* at 91.)  The court calculates that the value of the offset using
17  this mileage reading would be $657.60, thus bringing the estimate of actual damages to
18  $40,039.60, just shy of Hyundai's updated estimate appearing in their opposition.  As such,
19  Hyundai has clearly established that actual damages contribute at least $40,000 to the amount in
20  controversy here.
21     2.   Civil Penalties
22     In the complaint, plaintiffs also seek a civil penalty in their first cause of action brought
23  under the Song-Beverly Consumer Warranty Act of up to two times the amount of actual
24  damages.  (Doc. No. 1-2 at 8.)  In the notice of removal, Hyundai notes that this amount could be
25  $80,000 or more, calculated by doubling the amount of actual damages.  (Doc. No. 1 at 6.)  In its
26  motion to remand, plaintiffs argue that civil penalties are "too speculative."  (*Id*. at 8.)  In its
27  opposition, Hyundai updates the value of the potential civil penalty to account for the mileage
28  /////

7

offset reduction in actual damages, and Hyundai's resulting calculation still shows that the civil penalties alone could exceed $80,000.  (Doc. No. 11 at 7.)

District courts in the Ninth Circuit are split on the level of scrutiny to apply when reviewing civil penalty estimates under the Song-Beverly Act in assessing the amounts in controversy in such cases.  On the one hand, many district courts do not require the defendant to provide evidence beyond pointing to claims arising under the Act in the complaint.  *See, e.g., Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 WL 973566, at *3 (S.D. Cal. Mar. 16, 2021) (collecting cases); *Luna v. BMW of N. Am., LLC*, No. 3:17-cv-02067-BEN-KSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) (including a doubled civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, No. 16-cv-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) (including a doubled civil penalty in assessing damages in motion to remand).  However, some district courts have rejected the inclusion of civil penalties or punitive damages when the defendant has not pointed to specific allegations in the complaint that support an award of punitive damages or provided evidence that civil penalties will be awarded.  *See, e.g., Savall v. FCA US LLC*, No. 21-cv-195 JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases); *Ronquillo v. BMW of N. Am.*, LLC, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Rather than simply assuming that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting such an award would be appropriate.").

The court finds that inclusion of a civil penalty in calculating the amount in controversy in this case is appropriate, regardless of which approach described above is adopted.  Notably, plaintiffs have specifically alleged that Hyundai "willfully failed to comply with its responsibilities under the Song-Beverly Consumer Warranty Act" and have submitted to the court the repurchase denial letter that they received.  (Doc. Nos. 1-2 at 8, 94; 11 at 6).  Assuming that plaintiffs will be successful on all their claims under the Song-Beverly Act, Hyundai's alleged willful failure to comply with the Act would entitle plaintiffs to recover a civil penalty up to two times the amount of their actual damages.  Cal. Civ. Code § 1794(c)–(e).  The court thus agrees

8

with Hyundai that inclusion of civil penalties would add just over $80,000 to the amount in controversy, and combined with at least $40,000 of actual damages, this total amount clearly satisfies the $50,000 jurisdictional threshold.

### 3. Attorneys' Fees

Finally, plaintiffs' complaint seeks an award of attorneys' fees. (Doc. No. 1-2 at 3.) As Hyundai points out in its notice of removal, attorneys' fees are recoverable under the Song-Beverly Act, Cal. Civ. Code § 1794(e), and reasonable estimates should be included in evaluating the amount in controversy. (Doc. No. 1 at 5–6) (citing *Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")). Hyundai suggests that attorneys' fees can be "conservatively estimated" in the range of $45,000. (Doc. Nos. 1 at 6; 1-1 at 3). In their motion to remand, plaintiffs argue that the attorneys' fees are also "too speculative." (Doc. No. 6 at 8.) Hyundai did not address this point in its opposition, instead reiterating that over $120,000 is already in controversy, even before taking attorneys' fees or incidental and consequential damages, which are also sought in this action, into account. (Doc. No. 11 at 7.)

While estimated attorneys' fees can be considered in determining the amount in controversy, and Hyundai's estimate of $45,000 in such fees is facially reasonable, Hyundai has not submitted evidence of attorneys' fees sought by plaintiffs' counsel in other comparable cases. As such, the amount proffered for attorneys' fees in the notice of removal may indeed be too speculative. However, the court need not analyze the likely amount of attorneys' fees in this case any further since Hyundai has already met its burden of demonstrating that plaintiffs' claims surpass the $50,000 jurisdictional threshold for the amount in controversy as required for the exercise of federal jurisdiction in this case.

Finally, the court will deny plaintiffs' request for an award of attorneys' fees incurred in bringing this motion to remand. (Doc. No. 6 at 9.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As described

above, the court concludes that Hyundai's basis for removal was clearly objectively reasonable. Accordingly, plaintiffs' request for attorneys' fees will be denied.

## CONCLUSION

For the reasons set forth above,

1.Plaintiffs' motion to remand this action (Doc. No. 6) is denied; and

2.Plaintiffs' request for attorneys' fees (Doc. No. 6) is denied.

IT IS SO ORDERED.

Dated:**November 30, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE